[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2006
THOMAS K. KAHN
CLERK

No. 04-15475
_____

D. C. Docket No. 99-06153-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FABIO OCHOA-VASQUEZ,
a.k.a. Julio,
a.k.a. Pepe,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 2, 2006)

Before BLACK, BARKETT and COX, Circuit Judges.

PER CURIAM:

Fabio Ochoa-Vasquez appeals the district court's denial of his second motion for new trial based on newly discovered evidence. Ochoa argues the alleged new evidence establishes (1) his former attorney violated his Sixth Amendment rights by operating under a conflict of interest; and (2) the prosecution knew and approved of a Government informant's misconduct, which tainted Ochoa's indictment and trial. We affirm.

## I.  BACKGROUND

Ochoa was indicted as part of "Operation Millennium," a large drug-trafficking investigation conducted jointly by the United States Drug Enforcement Agency (DEA) and Colombian law enforcement agencies. Following a jury trial, he was convicted of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiracy to import five kilograms or more of cocaine into the United States, in violation of 21 U.S.C. §§ 952 and 963. He was sentenced to 365 months' imprisonment.

Throughout the proceedings below, Ochoa repeatedly raised the attorney conflict and Government misconduct claims that are the subject of this appeal. As for the attorney conflict issue, he argued Joaquin Perez, who had briefly represented him after his arrest, operated under a conflict of interest by representing co-conspirator and Government informant Nicholas Bergonzoli. As

2

for the Government misconduct issue, he argued Baruch Vega, another Government informant, had devised an illegal scheme called the "Rehabilitation Program of Narcotics Traffickers" (the Program) where he would solicit drug traffickers to surrender to the DEA by promising to arrange phony cooperation deals. Ochoa argued he was vindictively prosecuted for blowing the whistle on the Program, and that Government witnesses testified falsely against him because of his whistle-blowing. The district court rejected Ochoa's arguments because he could not show any actual conflict of interest, and because there was no nexus between Vega's misconduct and Ochoa's prosecution.

Ochoa appealed his conviction, sentence, and the denial of his first motion for new trial, and also appealed an order denying his motion to unseal documents in Bergonzoli's case. We consolidated both appeals and issued an opinion on October 20, 2005. *United States v. Ochoa*, 428 F.3d 1015 (11th Cir. 2005) (*Ochoa I*).

On August 12, 2004, after briefing in *Ochoa I* was complete, Ochoa filed a second motion for new trial based on newly discovered evidence under Federal Rule of Criminal Procedure 33. His purported new evidence consisted of: (1) a recently unsealed transcript in the Bergonzoli case; (2) the recently unsealed transcript of Bergonzoli's plea hearing; (3) Vega's sentencing transcript; and

3

(4) transcripts from a hearing before the Merit System Protection Board regarding DEA Agent David Tinsley, one of Vega's supervisors. Ochoa argued the unsealed Bergonzoli transcripts established Perez's actual conflict because, in representing Bergonzoli, Perez was advocating directly against Ochoa's interests. He argued the other evidence showed the prosecution team knew and approved of Vega's misconduct, thus establishing the requisite nexus between the misconduct and his prosecution. He argued the evidence also established corruption by several high-level Colombian officials, including General Serrano, the official in charge of the wiretapping that led to Ochoa's arrest. The district court denied Ochoa's motion and refused to hold an evidentiary hearing because Ochoa's newly discovered evidence was irrelevant, immaterial, and cumulative to evidence already presented. This appeal followed.

## II. DISCUSSION

Ochoa first argues the district court erred in denying him a new trial because the unsealed Bergonzoli transcripts "graphically demonstrate[] Perez's conflict of interest and corroborate[] Ochoa's contention that Perez's conduct violated his Sixth Amendment rights." Ochoa is essentially putting forth an ineffective assistance of counsel claim.

"Generally, we do not consider claims of ineffective assistance of counsel on direct appeal, because there usually has been insufficient opportunity to develop the record regarding the merits of these claims." *United States v. Camacho*, 40 F.3d 349, 355 (11th Cir. 1994), *overruled in part on other grounds*, *United States v. Sanchez*, 269 F.3d 1250 (11th Cir. 2001) (en banc). Instead, "[a]n ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255." *United States v. Butler*, 41 F.3d 1435, 1437 n.1 (11th Cir. 1995); *see also Massaro v. United States*, 123 S. Ct. 1690, 1694 (2003) (holding a motion for ineffective assistance of counsel should be raised, "in most cases," on collateral review rather than on direct appeal). We conclude the record below is not sufficiently developed to evaluate Ochoa's ineffective assistance of counsel claim at this time. Thus, the claim would be more appropriately addressed in a § 2255 motion.

Turning to Ochoa's alleged new evidence of Government misconduct, we find no merit in his argument that this evidence entitles him to a new trial or an evidentiary hearing. The denial of a motion for a new trial based on newly discovered evidence under Rule 33, along with the denial of an evidentiary hearing on such a motion, is reviewed for abuse of discretion. *United States v. Schlei*, 122 F.3d 944, 990 (11th Cir. 1997). To succeed on a motion for a new trial

5

based on newly discovered evidence under Rule 33, a defendant must establish "(1) the evidence was discovered after trial, (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result." *Id.* at 991. "The failure to satisfy any one of these elements is fatal to a motion for a new trial." *United States v. Lee*, 68 F.3d 1267, 1274 (11th Cir. 1995).

Ochoa has failed to sustain his burden under Rule 33. His new evidence of the prosecution's alleged knowledge and approval of Vega's misconduct is immaterial because it has no bearing on his guilt or innocence.[1] *See Ochoa I*, 428 F.3d at 1024 n.4 (affirming the district court's exclusion of evidence of the Program because "[t]hat spectacle . . . would have diverted the jury's attention to evidence that neither proved nor disproved Ochoa's guilt."). As such, Ochoa has failed to demonstrate a new trial would probably produce a different outcome. *See id.* at 1022 (explaining "[a]t trial, the Government presented substantial evidence of Ochoa's guilt").[2]

---

[1] The same reasoning applies to Ochoa's claim of corruption by General Serrano.

[2] In his brief, Ochoa cites to cases applying the standard for Rule 33 motions based on *Brady* evidence instead of the standard for Rule 33 motions based on newly discovered evidence.

The district court also acted within its discretion in denying Ochoa's motion without a hearing. *See Schlei*, 122 F.3d at 994 ("In determining whether a motion for a new trial based on newly discovered evidence was properly denied, we are persuaded that the acumen gained by a trial judge over the course of the proceedings [makes him] well qualified to rule on the basis of affidavits without a hearing.") (quotation omitted). Accordingly, we affirm the district court's dismissal of Ochoa's Rule 33 motion.

**AFFIRMED**.

---

Even if we were to apply the *Brady* standard to this case, however, the result would not change. One of the necessary elements of establishing a *Brady* claim is to show that "had the evidence been disclosed to the defendant, there is reasonable probability that the outcome would have been different." *United States v. Vallejo*, 297 F.3d 1154, 1164 (11th Cir. 2002). As explained above, Ochoa cannot make this showing because substantial evidence supported his conviction, and his new evidence has no bearing on his guilt or innocence.